UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PATRICIA DANTZLER, as Guardian of
TRENIS DANTZLER,

                Plaintiff,

                                      **COMPLAINT &**
v.                                        **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
PO BARESI, Tax Registry No.:
Command Code , and
NEW YORK CITY POLICE OFFICERS
JOHN DOE and JOHN DOE # ONE,

                Defendant(s).
--------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, TRENIS DANTZLER, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

-1-

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

### VENUE

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

### PARTIES

7. Plaintiff, PATRICIA DANTZLER is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York and is the mother and Guardian of TRENIS DANTZLER, date of birth       .

8. Defendant NEW YORK CITY POLICE OFFICER BARESI, upon information and belief of Command Code 805, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER BARESI is sued individually and in his official capacity. At all times relevant Defendant OFFICER BARESI was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and

engaged in conduct incidental to the performance of her lawful duties. Defendant OFFICER BARESI was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in her as police officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of her duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendants NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE # ONE, also upon information and belief, are, and at all times relevant, Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants OFFICERS JOHN DOE and JOHN DOE # ONE are sued individually and in their official capacity. At all times relevant, Defendants OFFICERS JOHN DOE and JOHN DOE # ONE, were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful function in the course of their duties. Defendants OFFICERS JOHN DOE and JOHN DOE # ONE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and incidental to their lawful duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

11. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

12. On March 8, 2015 at approximately 1:30 a.m. Plaintiff, who is a resident of Queens County, was in the vicinity of 71 West 112th Street in NEW YORK County. The Plaintiff and his cousin, who is male, had been attending a Sweet 16 Birthday Party on 116th Street, New York, New York and were thereafter running on the public streets. As they did so, Defendant NEW YORK CITY OFFICER BARESI and OFFICERS JOHN DOE and JOHN DOE # ONE ran after Plaintiff, chasing Plaintiff until Defendant OFFICER BARESI and OFFICERS JOHN DOE and JOHN DOE # ONE tackled Plaintiff to the ground, then kicked Plaintiff while he was face down on the ground, the officers applied force to Plaintiff's body, they dragged Plaintiff on the ground, and then forcibly rear handcuffed Plaintiff while he was face down on the ground, then they forcibly arrested Plaintiff and picked Plaintiff up and placed him against a police vehicle and then forcibly placed Plaintiff

into a police vehicle causing injury to Plaintiff's face, head, neck, body and back. The Plaintiff was subsequently transported to the New Police Service Area #5 (PSA#5) which is located at 221 E. 123rd Street in New York County which is tasked with policing New York City Housing Developments in the 23rd, 25th and 28th New York City Police Precincts. At the Police Service Area #5 the Plaintiff was offered medical services and his injuries treated by New York City Emergency Medical Services Personnel (EMS) for his injuries. Plaintiff was eventually placed in a holding cell. After being in the cell for approximately one hour, Plaintiff was eventually released with a N.Y. Penal Law Section 240.20 summons, #4417229379, for Failure to Disperse. Although his summons ordered his first Court Appearance on May 6th, 2015, before that date, specifically on April 21, 2015 all criminal charges against the Plaintiff were dismissed and sealed. After being released from PSA#5, Plaintiff sought further treatment for his injuries at Harlem Hospital on March 8, 2015, where he was treated for 4 hours for the injuries inflicted by Defendants YORK CITY POLICE OFFICER BARESI and OFFICERS JOHN DOE and JOHN DOE # ONE which were sustained during the Plaintiff's arrest. As a result of the actions of the Defendant Officers, the Plaintiff had to undergo further medical treatment for the injuries sustained during the Plaintiff's arrest and endured pain to the face, head, neck, body and back

### FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest**

13. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through

Twelve (12) as if fully set forth herein.

14. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER BARESI acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, handcuffing, arresting, and physically searching Plaintiff, without probable cause.

15. That the actions of Defendant Police Officer BARESI, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Excessive Force

16. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER BARESI, acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully used excessive force upon the Plaintiff, causing injury to Plaintiff, without lawful reason or cause.

18. That the actions of Defendant NEW YORK CITY POLICE OFFICER BARESI, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and

hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Excessive Force

16. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. That upon information and belief, the conduct of Defendant Police Officer JOHN DOE, acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully used excessive force upon the Plaintiff, causing injury to Plaintiff, without lawful reason or cause.

18. That the actions of Defendant Police Officer JOHN DOE, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and

### The United States Constitution-Excessive Force

19. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff, causing Plaintiff to suffer injury,

without basis in law or fact, during the arrest of Plaintiff.

21. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, occurred in and during the scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIFTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C 1983-Malicious Prosecution

22. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty One (21) as if fully set forth herein.

23. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER BARESI, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

24. As a consequence of the actions of Defendant OFFICER

BARESI, Plaintiff was required to make additional Court appearances and incur legal expense to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIRST STATE LAW CLAIM

25. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER

BARESI, resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

27. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN DOE resulted in the intentional physical assault and injury of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

29. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

31. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN DOE # ONE resulted in the intentional physical assault and injury of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

32. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty One (31) as if fully stated herein.

33. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER BARESI,

which resulted in the false arrest, detention, photographs and searches of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FIFTH STATE LAW CLAIM

34. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35. That the Defendant CITY OF NEW YORK, through the doctrine of Repsondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE which resulted in the physical injury and emotional distress upon Plaintiff, causing Plaintiff to suffer physical injury, severe anxiety, public humiliation and embarrassment, and incurrence of monetary damages, including medical and legal bills and pain and suffering.

### SIXTH STATE LAW CLAIM

36. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE # ONE, which resulted in the physical injury, infliction of emotional distress, public humiliation and embarrassment upon Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severally against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police Officer BARESI, of Command Code 805.

3. Punitive Damages against Defendants New York City Police Officers JOHN DOE and JOHN DOE # ONE.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: July 21, 2015

CHRISTOPHER BOOTH, ESQ.
Attorney for Plaintiff
11 Broadway, Suite 1054
New York, New York 10004
(212) 363-6969
Fax (212) 363-6041
Email cbooth@lipmanandbooth.com

-11-